# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLADYS CALDERON<br><br>                            Plaintiff,<br><br>    v.<br><br>VIRTUA MEDICAL GROUP, P.A.,<br><br>                            Defendant. | Civil Action No.:<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

### I.    PRELIMINARY STATEMENT

1. Plaintiff Gladys Calderon ("Plaintiff") brings this action for unlawful discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), 42 U.S.C. §1981 ("§1981"), and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.* ("NJLAD"). Plaintiff is Puerto Rican and bilingual (Spanish/English). Despite serving a substantial Spanish-speaking patient population, and despite her promotion to Lead Medical Assistant based on strong performance, Defendant Virtua Medical Group, P.A., reprimanded her for speaking Spanish at work, suspended her for speaking Spanish, and then terminated her shortly after she complained to Human Resources about discrimination based on race, national origin, and ancestry. Plaintiff seeks all available relief, including back and front pay, compensatory and punitive damages, and attorneys' fees and costs.

### II.    JURISDICTION AND VENUE

2. This Court has federal question jurisdiction under 28 U.S.C. §1331 because Plaintiff asserts claims under Title VII and §1981.

3. The Court has supplemental jurisdiction over Plaintiff's NJLAD claims under 28 U.S.C. §1367.

4. Venue is proper in this District under 28 U.S.C. §1391(b) because the unlawful employment practices occurred in New Jersey and Defendant transacts business in this District.

5. Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about December 30, 2024.

6. The EEOC issued Plaintiff a Notice of Right to Sue on or about July 25, 2025. Plaintiff has filed this lawsuit within 90 days of receiving that notice.

### III. PARTIES

7. Plaintiff is an adult woman of Puerto Rican heritage who, at all relevant times, worked for Defendant in New Jersey. Plaintiff currently resides in New Jersey

8. Defendant Virtua Medical Group, P.A. ("Virtua" or "Defendant") is a professional association incorporated in New Jersey with a principal place of business located at 301 Lippincott Dr., Ste. 410, Marlton, New Jersey 08053.

9. Virtua was Plaintiff's employer under Title VII, §1981, and NJLAD at all relevant times.

### IV. FACTUAL ALLEGATIONS

10. Virtua hired Plaintiff as a Medical Assistant on or about April 3, 2023.

11. Plaintiff's core duties included rooming patients, taking vitals, maintaining charts, coordinating referrals, communicating clinical instructions, assisting providers during procedures, and supporting front-desk flow during peak hours.

12. Plaintiff performed well throughout her employment. Between April and September 2023, she received positive feedback from providers and staff, handled high patient

volumes without incident, and was regularly relied on to calm anxious patients and de-escalate communication issues.

13. In or about September 2023, Virtua promoted Plaintiff to Lead Medical Assistant, assigning her additional responsibilities such as opening/closing procedures, mentoring newer MAs, coordinating staff schedules, and serving as a point of contact between nursing staff and practice management.

14. Plaintiff is bilingual, fluent in English and Spanish. Virtua serves a substantial number of Spanish-speaking patients. As part of her day-to-day work, Plaintiff frequently assisted providers and patients by interpreting or conveying medical instructions in Spanish so care could be delivered safely and efficiently.

15. On November 7, 2023, Office Manager Felicia Santos reprimanded Plaintiff for speaking Spanish at work. The reprimand did not identify any safety, confidentiality, or workflow reason that would require English-only communication, nor did it cite any written policy requiring English-only speech.

16. On November 15, 2023, Santos issued a second reprimand for speaking Spanish, again without tying the directive to any concrete operational need.

17. On November 16, 2023, Plaintiff complained to HR Representative Emily Pera that she was being targeted based on her race and national origin/ancestry, explaining that forbidding her to speak Spanish (particularly while assisting Spanish-speaking patients) was discriminatory and harmful to patient care.

18. On November 20, 2023, Plaintiff followed up with a second complaint to Pera. HR did not identify any legitimate basis or documented business necessity for forbidding Spanish-language use under these circumstances.

19. After Plaintiff's protected complaints, Virtua began issuing a string of disciplinary write-ups that had never previously appeared in her file, including allegations of "suspicion of intoxication," "performance deficiencies," and "professionalism" issues. These false accusations began only after the November 7/15 reprimands and Plaintiff's November 16/20 complaints.

20. The post-complaint discipline was retaliatory and pretextual. By way of example, the "performance" criticisms faulted Plaintiff for the very kind of patient-flow assistance she had long provided, and for which she had been praised, before she opposed discrimination.

21. Virtua pointed to a "Culture of We" policy to justify the English-only directive. The policy, however, purports to promote inclusivity, and on its face does not prohibit speaking Spanish. To the extent Virtua applied any English-only rule to Plaintiff, it was selectively enforced and not grounded in legitimate business necessity.

22. On March 22, 2024, Virtua suspended Plaintiff for speaking Spanish at work. The suspension documentation again failed to articulate any bona fide safety, confidentiality, or operational reason that would justify an English-only restriction.

23. On March 25, 2024, Virtua terminated Plaintiff's employment. When Plaintiff asked for the reason, Virtua provided a written Performance Agreement that largely recited discipline generated after her protected complaints.

24. The temporal proximity between Plaintiff's protected complaints and the escalating discipline culminating in suspension and termination, combined with the sudden shift from positive performance/promotion to negative write-ups, and the absence of business necessity for an English-only rule in a Spanish-speaking patient environment, demonstrates that Virtua's proffered reasons are pretext for discrimination and retaliation.

25. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered lost wages and benefits, harm to reputation, emotional distress, and other pecuniary and non-pecuniary damages. Plaintiff continues to incur losses and will do so in the future absent relief.

## COUNT I – TITLE VII
### (Race, National Origin, and Ancestry Discrimination; Retaliation)
### Plaintiff v. Defendant

26. Plaintiff incorporates the above allegations as though set forth fully herein.

27. Plaintiff is protected by Title VII based on race and national origin/ancestry (Puerto Rican).

28. Defendant subjected Plaintiff to adverse actions, including discipline and termination, because of her race and/or national origin/ancestry and/or because she complained about discrimination.

29. Defendant's conduct violated Title VII, and Plaintiff suffered damages.

30. Plaintiff seeks all available legal and equitable relief, including back pay, front pay, compensatory and punitive damages, and attorneys' fees and costs.

## COUNT II – 42 U.S.C. §1981
### (Race and Ancestry Discrimination; Retaliation)
### Plaintiff v. Defendant

31. Plaintiff incorporates the above allegations as though set forth fully herein.

32. Plaintiff is protected by §1981 based on race and ancestry (Puerto Rican).

33. Defendant subjected Plaintiff to adverse actions, including discipline and termination, because of her race and/or ancestry and/or because she complained about discrimination.

34. Defendant's conduct violated §1981, and Plaintiff suffered damages.

35. Plaintiff seeks all available legal and equitable relief, including back pay, front pay or reinstatement, compensatory and punitive damages, and attorneys' fees and costs.

### COUNT III – NJLAD
### (Race, National Origin, and Ancestry Discrimination; Retaliation)
### Plaintiff v. Defendant

36. Plaintiff incorporates the above allegations as though set forth fully herein.

37. Plaintiff is protected by the NJLAD based on race and national origin/ancestry (Puerto Rican).

38. Defendant subjected Plaintiff to adverse actions, including discipline and termination, because of her race and/or national origin/ancestry and/or because she complained about discrimination.

39. Defendant's conduct violated the NJLAD, and Plaintiff suffered damages.

40. Plaintiff seeks all available legal and equitable relief, including back pay, front pay or reinstatement, compensatory and punitive damages, and attorneys' fees and costs

V. **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks damages in connection with Defendant's unlawful conduct, and requests that this Court grant her the following legal relief by:

a. Entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

b. Awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity, and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

  c. Awarding compensatory damages to Plaintiff for past and future emotional distress, pain and suffering, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

  d. Awarding punitive damages to Plaintiff;

  e. Awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

  f. Granting any other relief that this Court deems just, proper, or equitable.

## JURY DEMAND

Plaintiff demands a trial by jury.

            **THE GOLD LAW FIRM, P.C.**

          By: /s/ Brian C. Farrell
           Brian C. Farrell, Esquire
           NJ I.D. No.:129622014
           1835 Market Street, Suite 515
           Philadelphia, PA 19103
           (215) 569-1999
           bfarrell@discrimlaw.net
           *Attorney for Plaintiff Glady Calderon*

Date: October 24, 2025